UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. LYLE,<br><br>    Plaintiff,<br><br>v.<br><br>SAN MATEO COUNTY DISTRICT ATTORNEY OFFICE, et al.,<br><br>    Defendants. | Case No. 17-cv-00426-JSC<br><br>**ORER OF DISMISSAL WITH LEAVE TO AMEND; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Dkt. No. 7 |

## INTRODUCTION

Plaintiff, an inmate at the San Mateo County Jail, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against a variety of city and county government employees and the agencies where they work, as well as several hospitals and clinics.[1] Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, the complaint is dismissed with leave to amend.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 7.)

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

The complaint contains a number of improperly joined claims. The federal rules on joinder are straightforward. "A party asserting a claim, counterclaim, cross-claim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). When, as here, there are multiple defendants, they may be joined in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." *Id*. at 20(a)(2). The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Id*. "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different

2

transactions – should be rejected if filed by a prisoner." *Id*.

Plaintiff's complaint asserts claims of malicious prosecution by the San Mateo County District Attorney's Office, improper arrest and obstruction of a criminal complaint by police officers in Menlo Park and San Jose, assault at a hospital, insufficient medical treatment for a variety of conditions and misuse of medical information by employees of the Palo Alto Medical Foundation, Stanford University Medical Center and the San Mateo County Hospital, ineffective assistance of counsel by his defense attorneys; and interference with mail by employees of the San Mateo County Jail.[2] These claims arise out of many different and unrelated incidents. He names approximately seven different Defendants, and the body of his complaint asserts unlawful actions by numerous additional individuals and entities. He has also filed seven lengthy letters recounting additional violations of his rights by still others. Indeed, his complaint and letters set forth a lengthy narrative that appears to catalogue every incident he finds objectionable over the course of several months. Moreover, Plaintiff does not list his claims in any kind of coherent manner, but instead simply asserts a variety of constitutional violations in the course of recounting his convoluted narrative. As alleged, Plaintiff's claims do not arise out of the same transaction, occurrence or series of occurrences, and do not involve a common question of law or fact. Plaintiff may not assert a grab-bag of unrelated claims against different defendants, and this is precisely what he has done. Accordingly, the Court finds the claims and Defendants improperly joined.

This Court cannot simply strike certain claims that are not properly joined because it cannot be discerned which of the many claims Plaintiff may wish to keep and which he wants to omit. Thus, instead of dismissing certain claims and Defendants, the Court will dismiss the complaint with leave to file an amended complaint. See Fed. R. Civ. P. 21. In his amended complaint, Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences, and (b) present questions of law or fact common to all defendants named therein. Or he may bring multiple claims against a single defendant. Claims

---

[2] Plaintiff also alleges theft by his mother, although he does not name her as a defendant.

3

arising from unrelated incidents against different defendants must be alleged in separate complaints filed in separate cases. Plaintiff will not be given another opportunity to cure these deficiencies after the amended complaint ordered below; if the deficiencies are not cured in the amended complaint, this case will be dismissed.

## CONCLUSION

1. The complaint is dismissed with leave to amend. Plaintiff shall file an amended complaint within **twenty eight (28) days from the date this order is filed**. The amended complaint **must** include the caption and civil case number used in this order (No. C 17-0426 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this action.</u>

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion, although he may request an extension of time provided it is accompanied by a showing of good cause and it is filed on or before the deadline he wants to extend. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

3. Plaintiff's motion for appointment of counsel is DENIED until a proper complaint has been filed and the circumstances of the case require the assistance of counsel for Plaintiff.

IT IS SO ORDERED.

Dated: April 27, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge