IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WILLIAM LYLE,<br><br>Plaintiff,<br><br>v.<br><br>SAN MATEO COUNTY DISTRICT ATTORNEY'S OFFICE; CLARK BISHOP; STEVE WAGSTAFFE; SAN MATEO COUNTY JAIL; OFFICER CROCKER; SAN MATEO GENERAL HOSPITAL; DR. GREENWALD; MENLO PARK POLICE DEPARTMENT; PALO ALTO MEDICAL FOUNDATION; DR. VUAHAMAKI; DR. NGYGEN; STANFORD HOSPITAL; G. STIENBURGE,<br><br>Defendants. | No. C 17-0426 WHA (PR)<br><br>**ORDER OF DISMISSAL** |

**INTRODUCTION**

Plaintiff, an inmate at the San Mateo County Jail, filed this pro se civil rights action under 42 U.S.C. 1983. The complaint was dismissed with leave to amend, and plaintiff filed a First Amended Complaint (ECF Nos. 18, 23). Thereafter, he filed papers that appear to be intended to supplement the amended complaint (ECF No. 25). He also filed a motion to dismiss his complaint (ECF No. 26), but it appeared from the motion and other filings that he wanted to continue prosecuting this case and perhaps to further amend his complaint (ECF Nos. 27, 28). He was ordered to file a Second Amended Complaint, and he was informed that if he did not do so this case would proceed based upon his First Amended Complaint (ECF No. 29). The case

was then reassigned from Magistrate Judge Corley to the undersigned District Judge because it appeared that one or more claims needed to be dismissed. *See Williams v. King*, 875 F.3d 500, 501, 504 (9th Cir. 2017) (magistrate judge lacked jurisdiction to dismiss claims because unserved defendants had not consented to proceed before magistrate judge). Plaintiff has not filed a Second Amended Complaint, and accordingly, the First Amended Complaint is now reviewed under 28 U.S.C. 1915A. For the reasons explained below, the case is DISMISSED without prejudice.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the

2

alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

The complaint was dismissed with leave to amend because it included a variety of claims improperly joined into a single case. The federal rules on joinder are straightforward. "A party asserting a claim, counterclaim, cross-claim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). When, as here, there are multiple defendants, they may be joined in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." *Id*. at 20(a)(2). The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Id*. "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *Id*.

In the order dismissing the complaint with leave to amend, it was explained to plaintiff how the complaint violated the above joinder rules:

> Plaintiff's complaint asserts claims of malicious prosecution by the San Mateo County District Attorney's Office, improper arrest and obstruction of a criminal complaint by police officers in Menlo Park and San Jose, assault at a hospital, insufficient medical treatment for a variety of conditions and misuse of medical information by employees of the Palo Alto Medical Foundation, Stanford University Medical Center and the San Mateo County Hospital, ineffective assistance of counsel by his defense attorneys; and interference with mail by employees of the San Mateo County Jail.[1] These claims arise out of many different and unrelated incidents. He names approximately seven different

---
[1] Plaintiff also alleged theft by his mother, although he did not name her as a defendant.

3

> Defendants, and the body of his complaint asserts unlawful actions by numerous additional individuals and entities. He has also filed seven lengthy letters recounting additional violations of his rights by still others. Indeed, his complaint and letters set forth a lengthy narrative that appears to catalogue every incident he finds objectionable over the course of several months. Moreover, Plaintiff does not list his claims in any kind of coherent manner, but instead simply asserts a variety of constitutional violations in the course of recounting his convoluted narrative. As alleged, Plaintiff's claims do not arise out of the same transaction, occurrence or series of occurrences, and do not involve a common question of law or fact. Plaintiff may not assert a grab-bag of unrelated claims against different defendants, and this is precisely what he has done. Accordingly, the Court finds the claims and Defendants improperly joined.

(ECF No. 18.) The remedy of striking only certain improperly joined claims or defendants was not tenable, moreover, because the complaint did not indicate which claims had priority over others. Therefore, the complaint was dismissed with leave to file an amended complaint complying with the federal joinder rules. Plaintiff was instructed that if his amended complaint failed to cure the deficiencies in his original complaint, this case would be dismissed.

Plaintiff's amended complaint sets forth largely the same long and convoluted narrative as the original complaint, and alleges the same unrelated violations of his rights by a variety of defendants. As such, the amended complaint suffers from the same defects as the original complaint and does not comply with the federal joinder rules or the instructions plaintiff was given about how to properly amend his complaint. As with the original complaint, moreover, the amended complaint comes not permit simply striking improperly joined claims or defendants because plaintiff again does not explain which claims have priority over others. As plaintiff has not cured the deficiencies in his original complaint, and he continues to include many improperly joined claims arising from unrelated incidents against different defendants, this action will be dismissed without prejudice to plaintiff filing his in separate complaints filed in separate cases.

//

//

4

# CONCLUSION

For the reasons set out above, this case is **DISMISSED** for failure to state a cognizable claim for relief. The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: January 22, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE